NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-4132
_____


CHERYL ANDERSON,
                              Appellant

v.

RADIO ONE, INC.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-00194)
District Judge:  Hon. Mitchell S. Goldberg
_____


Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed: September 13, 2011)


_____

OPINION
_____

SLOVITER, *Circuit Judge*.

This is an appeal from the District Court's grant of summary judgment in favor of

Radio One, Inc. on Cheryl Anderson's claims that Radio One terminated her employment

in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621

*et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We

will affirm.[1]

Because we write primarily for the parties, we need not discuss the facts or

procedural history of this case.

With respect to the ADEA claim, Radio One did not dispute that Anderson

established a prima facie case of age discrimination for purposes of the summary

judgment motion and the District Court presumed that she had met this burden. *See*

*Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc) (setting

forth elements of a prima facie claim). The burden thus shifted to Radio One to produce

evidence of a legitimate, nondiscriminatory reason for the adverse action. *Id.* Once

Radio One produced such evidence, the burden shifted back to Anderson to provide

sufficient evidence to allow a factfinder to either reject the employer's nondiscriminatory

explanation, or conclude that an invidious discriminatory reason was more likely than not

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's grant of summary judgment, and apply the same standard applicable in the District Court found in Fed. R. Civ. P. 56. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008).

a motivating cause of her discharge (pretext). *Id*. (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)).

Radio One claims that it terminated Anderson because she failed to satisfy the demands of the Program Assistant position, including meeting deadlines and accurately completing assignments. We agree with the District Court's conclusion that Anderson did not then produce sufficient evidence of a pretext for age discrimination.[2] Indeed, Anderson has never meaningfully disputed the substance of Radio One's repeated concerns with her job performance. Because Anderson failed to meet her burden to show pretext, summary judgment is appropriate on her ADEA claim.

Summary judgment is likewise appropriate on Anderson's ADA claim. We agree with the District Court that Anderson "is not actually disabled" within the meaning of 42 U.S.C. § 12102(2), and "she was not 'regarded as' disabled" within the meaning of 42 U.S.C. § 12102(3) by her employer. *Anderson v. Radio One, Inc.*, No. 09-194, 2010 WL 3719088, at *9-10 (E.D. Pa. Sept. 20, 2010). Even if Anderson could establish that Radio One regarded her as disabled, as the District Court concluded, she did not meet her burden to demonstrate pretext for disability discrimination.

We have considered all of Anderson's arguments, but we find no basis for reversal. Accordingly, we will affirm the judgment of the District Court in favor of Radio One.

---

[2] Notably, prior to termination, Radio One offered Anderson a position as a receptionist, but she rejected the offer.

3